# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10369
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 14, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ERIC DANIEL CORREA-CAMBRON,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:16-CR-17-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Eric Daniel Correa-Cambron appeals the 46-month within-guidelines sentence and three-year term of supervised release imposed following his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326(a), (b)(2). He argues that his sentence violates due process because it exceeds the statutory maximum sentence allowed by § 1326(a). He concedes that the issue of whether his eligibility for a sentencing enhancement under § 1326(b) must

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10369

be alleged in the indictment and proved to a jury is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  However, he seeks to preserve the issue for possible Supreme Court review because, he argues, subsequent Supreme Court decisions indicate that the Court may reconsider this issue.

The Government has moved for summary affirmance or, alternatively, an extension of time to file a brief.  Summary affirmance is appropriate when, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162-63 (5th Cir. 1969).  In *Almendarez-Torres*, the Supreme Court held that, for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found by a jury beyond a reasonable doubt.  523 U.S. at 239-47.  This court has held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*.  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007).  Thus, Correa-Cambron's argument is foreclosed.

In light of the foregoing, the Government's motion for summary affirmance is GRANTED, and the judgment is AFFIRMED.  The Government's alternative motion for an extension of time to file a brief is DENIED.